**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **LORI CHAVEZ-DEREMER**,[1] Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>**MARKHAM MACHINE COMPANY, INC., JAMES MARKHAM, and MARKHAM MACHINE COMPANY, INC. RETIREMENT SAVINGS PLAN**,<br><br>Defendants. | Case No. 5:25-cv-00010<br><br>**ORDER** |

## DEFAULT JUDGMENT

Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor ("Secretary"), Plaintiff in the above-styled action, having filed her complaint and Defendants James Markham ("Markham"), Markham Machine Company, Inc. ("Markham Machine"), and Markham Machine Company, Inc. Retirement Savings Plan ("the Plan")[2] having been duly served, and Defendants having failed to plead or otherwise defend within the time prescribed by law, and default of the Defendants having been duly entered by this Court, and the truth of the allegations contained in the Secretary's complaint having been verified by the attached declaration of the U.S.

---

1 By operation of law, Lori Chavez-DeRemer is substituted *sub nom.* for former Acting Secretary of Labor, Julie A. Su. *See* Fed. R. Civ. P. 25(d).

2 The Plan is named as a Defendant in this action pursuant to Federal Rule of Civil Procedure Rule 19(a) solely to assure that complete relief can be granted.

Department of Labor, Employee Benefits Security Administration investigator; now, therefore upon application of the Secretary and for cause shown,

**JUDGMENT IS HEREBY ENTERED** against Defendants Markham, Markham Machine, and the Plan in accordance with the prayer of the complaint in the above-styled action and it is:

**ORDERED, ADJUDGED, AND DECREED** that:

A. Defendants Markham and Markham Machines are jointly and severally liable to the Plan in the total amount of $134,292.44, consisting of $53,423.75 for unremitted employee contributions, $48,189.38 in unremitted participant loan repayments, and $32,679.31 for lost opportunity costs;

B. As authorized by §1502(a) of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, §1502(a), 111 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. § 1056(d)(4)), the Plan is amended to permit the set off of $134,292.44 of Defendant Markham's individual account in the Plan to restore the losses incurred by the Plan resulting from Defendants' fiduciary breaches;

C. Defendants Markham Machine and Markham are permanently enjoined from serving or acting as fiduciaries to any ERISA-covered employee benefit plan and are removed from any positions they now hold as fiduciaries of the Plan;

D. AMI Benefit Plan Administrators, Inc. ("AMI") is appointed as the Independent Fiduciary for the Plan to administer and terminate the Plan and issue distributions consistent with the Plan's governing documents, the Internal Revenue Code, and ERISA (*See* AMI's Brochure and biographies of key personnel attached as

Exhibit C. The Independent Fiduciary will have the following powers, duties and responsibilities:

1. The Independent Fiduciary will have responsibility and authority to collect, liquidate, and manage such assets of the Plan for the benefit of the eligible participants and beneficiaries of the Plan who are entitled to receive such assets, until such time that the assets of the Plan are distributed to the eligible participants and beneficiaries of the Plan and the Plan is fully terminated;
2. The Independent Fiduciary will exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a payment under the terms of this Default Judgment and to disburse to each such eligible participant or beneficiary the payment to which they are entitled. The Independent Fiduciary will comply with the guidance in EBSA Field Assistance Bulletin No. 2014-01, Fiduciary Duties and Missing Participants in Terminated Defined Contribution Plans (Aug. 14, 2014), in attempting to locate participants and handling missing participants, and remain cognizant of the guidance in Missing Participants – Best Practices for Pension Plans (January 12, 2021);
3. The Independent Fiduciary will have full access to all data, information and calculations in the Plan's possession or under its control, including that information contained in the records of the

Plan's custodial trustees and other service providers, bearing on the distribution of benefit payments, participant account balances and current Plan assets;

4. The Independent Fiduciary may retain such persons and firms including, but not limited to, accountants and attorneys, as may be reasonably required to perform its duties hereunder;

5. Within ninety (90) days of the entry of this Default Judgment, the Independent Fiduciary, in accordance with the Taxpayer Relief Act of 1997, codified at 29 U.S.C. § 1056(d)(4), will cause the amount of $134,292.44,[3] which represents the amount of unremitted employee contributions and loan repayments and lost opportunity costs owed to each participant of the Plan, other than Defendant Markham, to be reallocated from Defendant Markham's individual account in the Plan to the accounts of the participants and beneficiaries of the Plan. The Independent Fiduciary will allocate the monies owed to all participants, except Defendant Markham, who: (1) were employees of Markham Machine Company, Inc.; (2) were Plan participants during the period January 4, 2019, to July 14, 2023; and (3) had

[3] On the date the reallocation is to occur, if the amount in Defendant Markham's individual account is less than this amount, the Independent Fiduciary shall use the total balance in Defendant Markham's account for the reallocation and shall adjust the amounts due to each Plan participant pro rata. Defendant Markham shall remain liable for the amount of his total liability less the account balance used for the reallocation.

voluntary employee contributions or loan repayments withheld from their pay for contribution or repayment to the Plan and who have not received a distribution of their full vested account balance as of the date of the entry of this Default Judgment. For any participants who received a distribution prior to the entry of the Default Judgment, that participant will be sent a check in the amount they are due;

6. Within one hundred and twenty (120) days of entry of this Default Judgment, the Independent Fiduciary will initiate the termination of the Plan in accordance with ERISA. The Independent Fiduciary's responsibilities will include, but not be limited to, causing the distribution of the Plan's assets to the Plan participants and filing all appropriate documents with the various government agencies. The Plan will be fully terminated within two hundred and seventy (270) days of the entry of this Order and if not, the Independent Fiduciary will report in writing to the Court and to the parties the projected date of final termination. Within thirty (30) days from the date that the Plan is fully terminated, the Independent Fiduciary will provide satisfactory proof of such termination, including proof of issuance of the Plan's participant distributions, to the Regional Director of the Employee Benefits Security Administration, United States Department of Labor, 1885 Dixie Highway, Suite 210, Ft. Wright, KY 41011-2664; and

7. For services performed pursuant to this Order, the Independent Fiduciary shall receive compensation from the Plan not to exceed $3,350 for fees and expenses reasonably and necessarily incurred by the Independent Fiduciary in administering services pursuant to this Order and terminating the Plan.

E. The Independent Fiduciary's appointment will terminate upon the first to occur of: (a) removal by the Court; (b) its resignation after finding an acceptable replacement, agreed to by all parties or the Court, providing notice to all parties to this matter, and approval by the Court to have the replacement Independent Fiduciary appointed; or (c) the liquidation and distribution of the Plan's assets and the completion of all related tasks.

F. Defendants Markham Machine and Markham are permanently enjoined from violating the provisions of Title I of ERISA;

G. Nothing in this Default Judgment is binding on any government agency other than the United States Department of Labor;

H. The Court retains jurisdiction for purposes of enforcing compliance with the terms of this Default Judgment; and

I. Such further relief as is appropriate and just.

Dated: **September 8**, 2025

**It is so Ordered.**

**/s/ John R. Adams**

**JOHN R. ADAMS**
UNITED STATES DISTRICT COURT JUDGE